

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

VELOCITY MICRO, INC.,

                        Plaintiff,

        v.

THE EDGE INTERACTIVE MEDIA, INC.,

        Defendant/Cross Plaintiff
           /Third Party Plaintiff

        v.

BEST BUY, INC.,

           Third Party Defendant.

Civil Action Number 3:08cv135

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's three Motions: (1) Motion to Dismiss Defendant's Counterclaim (Doc. No. 19); (2) Motion for Reconsideration of the Court's Order Denying Default (Doc. No. 21); and (3) Motion for Sanctions (Doc. No. 24). For the reasons below, this Court DENIES Plaintiff's Motion to Dismiss and Motion for Reconsideration, and GRANTS the Plaintiff's Motion for Sanctions.

### I. Background

On February 29, 2008, Plaintiff Velocity Micro, Inc. ("Velocity") filed a Complaint against The EDGE Interactive Media, Inc. ("Edge Interactive") alleging trademark infringement, false designation of origin and description of fact, false advertising, unfair competition, and fraud on the U.S. Patent and Trademark Office. At the time Plaintiff's Complaint was filed, Edge Interactive was listed as a suspended

1



California corporation.[1] On March 5, 2008, Plaintiff amended their Complaint. The Amended Complaint was served on Tim Langdell, Edge Interactive's Registered Agent, on April 12, 2008. In response to numerous communications made by Jack Phillips, Vice President of Edge Interactive, contesting service of process and seeking extensions of time to Answer, this Court granted Edge Interactive four extensions of time to file a responsive pleading.[2] The final extension was granted on July 31, 2008. Pursuant to the July 31st Order, Edge Interactive was to obtain local counsel and submit a responsive pleading by August 21, 2008, or risk default.

Within the Court's allotted time, Edge Interactive, referring to itself as Edge Interactive a/k/a Edge Games, Inc., filed an Answer, together with a Counterclaim, and a Third Party Complaint against Best Buy, Inc., a distributor of Velocity's computers ("August 21st Answer and Counterclaim"). Because Defendant filed a timely Answer, Velocity's Motion for Entry of Default was denied. On September 10, 2008, Velocity entered a Motion to Dismiss Defendant's Counterclaim and a Motion for Reconsideration of the Court's Order Denying the Entry of Default stating that "as a suspended California corporation, Edge Interactive a/k/a Edge Games cannot obtain counsel nor can it participate in [any] legal proceeding." (Pl.'s Mem. in Supp. of Mot. to Dismiss 2.) Unbeknownst to the Court, on September 17, 2008, Velocity sent a Rule 11

---

[1] Edge Interactive is a California corporation. (Answer ¶ 2.) According to the State of California's Franchise Tax Board, Edge Interactive was suspended effective April 2004. (Pl.'s Mem. in Supp. of Mot. to Dismiss, Ex. 8.) A Certificate of Revivor was not issued to the company prior to June 16, 2008. (Id.)

[2] In total, with the Court's four extensions, the Defendant was given an extra 150 days over the applicable rules to file a responsive pleading.

Safe-Harbor Notice to Edge Interactive, Edge Games, and their Counsel, Jeffrey H. Greger, demanding the withdraw of the August 21st Answer and Counterclaim, under threat of sanctions. Plaintiff's Safe-Harbor Notice alleged that both Defendant and their Counsel "made repeated misrepresentations to the Court to gain an improper advantage in this litigation." (Pl.'s Mem. in Opp. to Mot. to Withdraw and in Supp. of Mot. for Sanctions 10.)

On September 18, 2008, six days before a Response was due to Plaintiff's Motion to Dismiss and only one day after receiving Velocity's Safe-Harbor Notice, Mr. Greger moved this Court for Leave to Withdraw and for an Extension of Time. Velocity countered with a Memorandum in Opposition to Withdrawal and a Request for Sanctions. While Mr. Greger's Motion was pending, the Court was informed that Edge Interactive was issued a Certificate of Revivor from the California Franchise Tax Board, which restored Edge Interactive's status as a valid California corporation and further retroactively validated prior legal transactions. After due consideration, this Court granted Mr. Greger's Motion to Withdraw and denied his Motion for an Extension of Time. Further, on September 24, 2008, after learning of Edge Interactive's Certificate of Revivor, Velocity moved to withdraw sanctions against Attorney Greger. However, Velocity has not withdrawn their Motion for Sanctions against Edge Interactive.

## II. Motion to Dismiss Defendant's Counterclaim, and Motion for Reconsideration of Order Denying Default

As a procedural matter, a federal court may enter default against a defendant who has failed to plead or otherwise defend themselves, if that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Accordingly, failure to timely file an Answer to a

Complaint may subject the defendant to default.  Under the federal rules, a defendant must file an Answer within 20 days of being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A).  This filing period may be extended by the Court, with or without Motion.  Fed. R. Civ. P. 6(b).  However, a suspended California corporation may not participate in any litigation activities, including filing an Answer to a Complaint.  See Fed. R. Civ. P. 17(b) (noting that the "[c]apacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized"); Palm Valley Homeowners Ass'n v. Design Mtc., 85 Cal. App. 4th 553, 561 (Cal. App. 4th Dist. 2000) (stating that a suspended California corporation is unable to participate in litigation activities, and further noting that this rule is designed to advance California's legitimate interest in "persuad[ing] its corporate citizens to pay their taxes. . . [and] comply with basic filing requirements, requirements that are fundamental to holding a corporation accountable for its actions").

In the present matter, Velocity requests the Court notice that no valid Answer or Counterclaim has been made, and therefore grant their Motions for Default and Dismissal.  In support of their Motions, Velocity offers two alternative arguments.  First, Velocity argues that the August 21st Answer and Counterclaim was made by Edge Interactive, who at the time of filing was a suspended California corporation unable to participate in litigation, ergo, the filings were invalid and default and dismissal are proper.  (Pl.'s Mem. in Supp. of Mot. to Dismiss and Mot. for Reconsideration 6–9.) Alternatively, Velocity argues that Edge Games, a purported separate legal entity, filed the August 21st Answer and Counterclaim and, as such, no Answer has been filed by Edge Interactive, therefore default is warranted.  (Motions Hr'g, Oct. 27, 2008.)

4

As a threshold matter, this Court will address the substance of Velocity's second argument—who filed the August 21st Answer and Counterclaim?  Clearly labeled in the filing's caption, Mr. Greger's signature block, and in various statements throughout the Answer and Counterclaim is the fact that the filing was made on behalf of "The Edge Interactive Media, Inc. a/k/a Edge Games, Inc." and that "Edge Interactive, Inc. is also known as Edge Games." (Def.'s Answer ¶¶ 1–3.)  Based on these facts, Edge Interactive filed the Answer and Counterclaim.

While the Court is aware of contradictory statements made by Mr. Greger regarding the relationship between Edge Interactive and Edge Games, and ultimately regarding who actually filed the August 21st Answer and Counterclaim, this Court finds these conflicting statements were misrepresentations made on behalf of Edge Interactive as part of their concerted effort to mislead this Court and gain an unfair advantage in litigation.  This Court further finds that Edge Games is not a party to this litigation, as it has never formally joined or intervened, and that Edge Games has no legal interest in the matter, as any assignment of interest made by Edge Interactive to Edge Games while the company was suspended is void *ab initio*.[3]  As such, Edge Games did not, and could not, file a valid Answer and Counterclaim in this matter.

---

[3] Edge Interactive was suspended from April 2004 to September 2008 and knew or should have known that they had no capacity to assign their trademark interests to Edge Games during this time. See Blackathorne Publishing, Inc. v. Black, Nos. 97-55656, 97-56058, 2000 U.S. App. LEXIS 1401, at *5 (9th Cir. Jan. 28, 2000) (holding that Plaintiffs did not obtain ownership via assignment where the trademark holder was a suspended California corporation and therefore ineligible to conduct business); see also Timberline, Inc. v. Jaisinghani, 54 Cal. App. 4th 1361, 1365–66 (Cal. App. 2d Dist. 1997) (stating a suspended corporation is disqualified from exercising any right, power, or privilege, including prosecuting or defending an action, or appealing a judgment).

In terms of Velocity's primary argument–that Edge Interactive was suspended at the time of the filing and therefore could not participate in litigation–the Court agrees in part. Plaintiff's Motions were valid on the date of their filing, and would have likely resulted in the Court granting default and dismissal. However, on September 22, 2008, Edge Interactive was granted a Certificate of Revivor. (Greger's Supp. Mem. in Support of Mot. to Withdraw 2.) Under California law, a Certificate of Revivor retroactively validates otherwise invalid proceedings undertook by a suspended corporation. Benton v. County of Napa, 226 Cal. App. 3d 1485, 1490 (Cal. App. 1st Dist. 1991) (stating that a company who "pays its taxes and obtains a Certificate of Revivor during the pendency of an action . . . may be allowed to carry on litigation, even to the extent of validating otherwise invalid prior proceedings"). Because Edge Interactive's Certificate of Revivor retroactively validated the Defendant's August 21st Answer and Counterclaim, Plaintiff's arguments for default and dismissal are denied. Accordingly, Defendant's Motion to Dismiss Defendant's Counterclaim and Motion for Reconsideration are DENIED.[4]

---

[4] Defendant's arguments in opposition to Plaintiff's Motions to Dismiss and Reconsider Default are not helpful. The Defendant argues that both Motions should be denied by citing inapplicable law.

    *First*, Defendant cites a California Court of Appeals case to state that a trial court has "abused its discretion where it either failed to grant a continuance to permit a suspended corporate defendant time to revive the corporation, or where it issued a default judgment even after the defendant had obtained a certificate of revivor." (Def.'s Opp. to Mot. for Reconsideration and Mot. to Dismiss 3.) While California law governs the effect of Edge Interactive's suspension, California law does not govern this Court's authority to enter a default judgment or grant a continuance. See Hanna v. Plummer, 380 U.S. 460, 465 (1965) (holding, consistent with Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), and the Rules Enabling Act, 28 U.S.C. § 2072, that federal courts are to apply federal procedural law and state substantive law); Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 259–60 (1929) (holding a corporation's capacity to sue is not procedural or "controlled by the rules of the court in which the litigation pends . . . [but] concerns the fundamental law of the corporation enacted by the State which brought the corporation into being"); Maternally Yours v. Your Maternity Shop, 234 F.2d 538, 540

## IV. Sanctions Against Edge Interactive

This Court has both statutory and inherent authority to impose sanctions, including attorneys' fees, against attorneys who abuse the judicial process in bad faith. See 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously, may be required to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."). This power is inherent in all courts and reaches conduct before the court and conduct beyond the court's confines, because the underlying concern that gives rise to the contempt power is not merely the disruption of court proceedings, but disobedience to the orders of the judiciary. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

In the present case, Velocity contends that sanctions are warranted because Mr. Phillips, Vice President of Edge Interactive, has made untruthful statements to the Court regarding service of process and Mr. Langdell's relationship to Edge Interactive. Velocity's filings further request Rule 11 sanctions against Mr. Greger based on his misrepresentations of the relationship between Edge Interactive and Edge Games. While Velocity has withdrawn their request for sanctions against Mr. Greger, this Court

---

n.1 (2d Cir. 1956) (noting that the Erie doctrine applies regardless of the ground for federal jurisdiction).

    *Second*, the Defendant argues that granting default judgment could result in inconsistent judgments among related parties, assumedly implying the related parties are Edge Interactive and Edge Games. (Def.'s Opp. to Mot. for Reconsideration and Mot. to Dismiss 4–5 (citing Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 434 (E.D. Va. 2006), which holds that where multiple defendants are jointly liable and the non-answering party's claims are related to the answering defendant's, default is improper as it would result in inconsistent judgments).) However, this case and argument is not applicable as the only party in issue is Edge Interactive, Edge Games has not been joined, and Edge Games and Edge Interactive cannot be jointly liable.

finds that Edge Interactive's conscious strategy to mislead the Court and delay these proceedings encompassed Mr. Phillips's and Mr. Greger's misrepresentations. This Court therefore holds Edge Interactive responsible for all misrepresentations made by Phillips and Greger; the company will be sanctioned accordingly.

The Court specifically finds three misrepresentations that necessitate sanctions. First, Mr. Phillips informed the Court that Edge Interactive had not been served in this matter and, as a result, requested additional time to file a responsive pleading. (See Phillips Decl. ¶¶ 7–8, June 19, 2008 (stating that neither he "nor anyone else employed by [Edge Interactive] has received a copy of the complaint in this matter"); Phillips Decl. ¶ 4, July 21, 2008 (noting that "Edge Interactive has never received any documents or papers in respect to this matter . . . and thus there is no way that Edge Interactive could file responsive pleadings in this matter even if it does retain local counsel as there has been nothing received by Edge Interactive").) These representations were made to the Court by phone and in two declarations, signed under penalty of perjury. (See Phillips Decl. ¶¶ 4, 7, July 21, 2008 (referencing a telephone conversation with the Court wherein Mr. Phillips states that Edge Interactive has never received any documents in this matter); see also Phillips Decl., June 19, 2008; Phillips Decl., July 21, 2008.) On the basis of these representations, the Court granted an additional extension of time to obtain local counsel and file a responsive pleading. (Ct's June 2, 2008 Order.)

In conjunction, Defendant represented that Mr. Langdell resigned from the company as its employee and agent for service of process prior to being served in this matter, and that Mr. Langdell has not received any communication related to this matter. (See Phillips Decl. ¶¶ 5–6, July 21, 2008 (stating that "Tim Langdell's

8

resignation pre-dated any action by Velocity Micro," that Velocity "was clearly notified of Tim Langdell's resignation from this corporation as its employee and as its agent for service," and that Mr. Langdell has "not received any communication relating to this matter"); Pl.'s Mem. in Supp. of Mot. to Dismiss and Entry of Default, Ex. 10. (producing a copy of a returned Eastern District of Virginia envelope addressed to Tim Langdell at Edge Interactive with the handwritten words "Gone Away Return to Sender" printed on its face).) This, in part, was the reason for the Court's third and fourth extensions of time. (See Ct's July 14, 2008 Order; Aug. 1, 2008 Order.)

These representations were subsequently proven to be false. Edge Interactive stated in their August 21st Answer and Counterclaim that Mr. Langdell "has been affiliated with The Edge Interactive Media Incorporated at all times pertinent to this dispute and has overseen the day-to-day operations of . . . Edge Interactive;" thus contradicting the statement that Mr. Langdell resigned from the company prior to Velocity's filing of the Complaint. (Compare Countercl. ¶ 90 (confirming Mr. Langdell's ongoing affiliation with Edge Interactive), with Phillips Decl. ¶ 6, July 21, 2008 (declaring that Mr. Langdell resigned from the corporation prior to the lawsuit).)

Further, Mr. Langdell was publicly listed as Edge Interactive's Registered Agent for Service of Process with California's Secretary of State as late as June 11, 2008. (Pl.'s Mem. in Supp. of Request for Entry of Default, Ex. 2.) While Edge Interactive claims that Mr. Langdell resigned as Registered Agent on February 21, 2008, prior to being served in this matter,[5] the proffered resignation form (RA-100) clearly states that the

---

[5] Mr. Robert Brooke, attorney for Velocity, declares that "on April 12, 2008, legal service was made in person upon Tim Langdell . . . a copy of the Affidavit of Service was filed with the Court on May 14, 2008." (Brooke's Decl. ¶ 3, July 1, 2008.)

document was not filed with California's Secretary of State until May 30, 2008, *after* Mr. Langdell was served with a summons and Complaint. (Pl.'s Mem. in Supp. of Mot. to Dismiss and Entry of Default, Ex. 10.; see also Executed Summons, May 14, 2008.) Moreover, as the RA-100 form states, Mr. Langdell's resignation became effective after the document was filed, not merely after signing. See State of California Secretary of State Resignation of Agent Form RA-100, Instructions (stating that "upon filing Form RA-100, the authority of the agent for service of process to act in that capacity will cease and the Secretary of State will give written notice of the resignation to the entity"). Therefore, because Mr. Langdell was Edge Interactive's Registered Agent for Service of Process on April 12, 2008, the date he was served with a summons and Complaint, the Defendant's claims regarding lack of service of process, resignation of Mr. Langdell from Edge Interactive, and further claims that the Defendant has not received any communication related to this matter were clearly false.[6]

Edge Interactive's final misrepresentation was regarding the relationship between Edge Games and Edge Interactive, and was made by the company's previous counsel, Mr. Greger. In his Motion to Withdraw as Counsel, Mr. Greger states that his August 21st Answer and Counterclaim was "made on behalf of Edge Games, Inc. and not Edge

---

[6] Mr. Phillips further stated in his July 21st Declaration that Edge Interactive's failure to open the Complaint or any Order of the Court places this matter "beyond dispute that Edge Interactive has yet to be served with this matter." (Phillips Decl. ¶¶ 6–7, July 21, 2008.) This argument further illustrates Mr. Phillips's and Edge Interactive's flagrant disregard of the rules of court and concerted effort to mock procedural safeguards in order to avoid default and obtain an unfair advantage in the litigation. Moreover, this narrow view fails to comport with the obligations undertook by a corporation's Registered Agent for Service of Process whereby they agree that delivery to their Agent constitutes service, and further fails to explain why Edge Interactive did not ultimately challenge service of process when it made its August 21st Answer and Counterclaim.

Interactive Media, Inc., notwithstanding a lack of clarity between the two distinct legal entities." (Greger's Mot. to Withdraw 4.) These statements directly contradict the filing. (See Answer ¶¶ 1–3 (averring that the filing was made on behalf of "The Edge Interactive Media, Inc. a/k/a Edge Games, Inc." and that Edge Interactive and Edge Games were the same company.") These misrepresentations regarding the relationship of the two companies, made under penalty of perjury, served to further delay these proceedings, mislead the Court, and detract from the Court's ultimate aim of allowing the parties to resolve the matter on its merits. The Court finds that these misrepresentations, while made by Counsel, are directly attributable to Edge Interactive as part of their deliberate strategy to obfuscate and mislead this Court in order to delay the Court's determination of default. In their defense against sanctions, Edge Interactive focuses exclusively on this misrepresentation.

Edge Interactive asserts that Velocity contributed to the confusion in this case by asserting claims as to Edge Interactive when they knew that Edge Games had lawfully been assigned the underlying trademarks. (Def.'s Mem. in Opp. to Pl's Mot. for Sanctions 2.) Further, the Defendant asserts that Velocity did not consent to Edge Interactive's request to correct its erroneous Answer and Counterclaim,[7] an act the company claims is contrary to the purpose of the Rule 11 Safe-Harbor provision. (Id. at 3–4.) However, these contentions are misplaced because Edge Interactive, as a suspended corporation, could not lawfully assign the trademarks in interest to Edge

---

[7] In Defendant's most recent Motion for an Extension of Time to File a Response, Edge Interactive asked this Court to allow them to file a Motion to Substitute, Intervene, and/or Join Edge Games, Inc. into this litigation. (Def.'s Mem. in Supp. of Mot. for Extension of Time 1.) This Court summarily denied Defendant's Motion.

Games. Further, even though the Rule 11 Safe-Harbor provision allows 21 days for a party to correct their erroneous filings, Edge Interactive contacted Velocity over 30 days after the Safe-Harbor Notice was given. As such, Edge Interactive's defense is no defense and the company will be sanctioned accordingly.

## IV. Conclusion

The Defendant's deliberate efforts to mislead this Court and obtain an advantage in litigation has resulted in unnecessary procedural delays. Nevertheless, this Court granted Defendant Edge Interactive four extensions of time to file a responsive pleading in this matter. For the reasons set forth above, this Court holds that Edge Interactive filed a valid Answer within the allotted time, and therefore Plaintiff's Motion for Reconsideration of the Court's Order Denying Default is DENIED. Similarly, Plaintiff's Motion to Dismiss the Counterclaim is DENIED, as Plaintiff's only contention is that the Counterclaim was not valid because Edge Interactive was a suspended company, unable to participate in litigation.

This Court further holds that Edge Interactive's numerous misrepresentations were part of the company's conscious strategy to mislead the Court and unfairly delay these proceedings until they obtained a Certificate of Revivor. Accordingly, the Court GRANTS Plaintiff's Motion for Sanctions. Further, Plaintiff is hereby ORDERED to file affidavits outlining, with specificity, any attorneys' fees or other relevant costs and fees incurred as a result of Defendant's misrepresentations and the Court's granting of multiple extensions. This information should be submitted to the Court within ten (10) days of the date of this Order.

It is SO ORDERED.

12

/s/
James R. Spencer
Chief United States District Judge

Entered this _7th_ day of November 2008

13

/s/
James R. Spencer
Chief United States District Judge